IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KLEK DEVELOPMENT CORP., *et al.*

Plaintiffs,

v.

OSCAR SOTO NIEVES, *et al.*

Defendants.

Civil No. 10-1188 (SEC)

**OPINION & ORDER**

Before the Court is a motion for summary judgement filed by plaintiffs Klek Development Corp., Piotr Dabrowski, Mario Dianovski, and Witold Kania (collectively "Plaintiffs") (Dockets No. 22-23), the opposition filed by defendants Oscar Soto-Nieves, his wife Sylvia Hernandez-Valentin, and their conjugal partnership (collectively "Defendants") (Dockets No. 24-25), and Plaintiffs' reply (Docket No. 28). After reviewing the record and the applicable law, the Court **GRANTS** Plaintiffs' motion for summary judgement.

**Factual and Procedural Background**

Plaintiffs filed this diversity suit to enforce a $300,000 promissory note subscribed by Defendants on December 12, 2007. Docket No. 1.[1] The promissory note is due on presentment and is payable to the bearer. Plaintiffs' Statement of Uncontested Facts ("SUF"), Docket No. 22, ¶ 4; Defendants' Opposing Statement of Material Facts ("OSMF") Docket No. 24, ¶ 4. It also provides for an additional payment of $30,000 in case that judicial proceedings are needed for collection. SUF, ¶ 6; OSMF, ¶ 6. Defendants accept the validity and enforceability of the promissory note. SUF, ¶ 5; OSMF, ¶ 5.

---

[1] Apparently, the promissory note was part of a real estate transaction between Klek Development Corp. and Defendants. These details, however, are irrelevant for the adjudication of the present motion.

**Civil No. 10-1188(SEC)**                                                                                                         2

In June 2009, Plaintiffs sent a letter to Defendants informing their intent to present the promissory note and requiring payment within 14 days "after receipt of this letter." SUF's Exh. 4. Plaintiffs, however, failed to include with the letter a copy of the promissory note. Id. In August 2009, Plaintiffs sent a second letter to Defendants, this one stating that litigation would commence unless the promissory note was paid within ten days. SUF's Exh. 5. This letter also contained no copy of the promissory note. Id. Obviously, these collection efforts yielded no result, and Plaintiffs filed this suit in March 2010.

After different preliminary nuances, Plaintiffs moved for summary judgement in December, 2010. Docket No. 23. In essence, they state that their rights under the promissory note are valid, enforceable, and ripe for adjudication. Id. Defendants, opposed timely, posing, as their sole argument, that Plaintiffs never presented the promissory note to them as required by applicable state law. Docket No. 25, pgs. 4 and 5.

**Standard of Review**

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ramirez Rodriguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence. See Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least

**Civil No. 10-1188(SEC)** 3

one fact in issue that is both genuine and material. See <u>Garside v. Osco Drug, Inc.</u>, 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" <u>DePoutout v. Raffaelly</u>, 424 F.3d 112, 116 (1st Cir. 2005) (quoting <u>Garside</u>, 895 F.2d at 48 (1st Cir. 1990)).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See <u>Hadfield v. McDonough</u>, 407 F.3d 11, 15 (1st Cir. 2005) (citing <u>Medina-Muñoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. See <u>Cadle Co. v. Hayes</u>, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." <u>Méndez-Laboy v. Abbot Lab.</u>, 424 F.3d 35, 37 (1st Cir. 2005) (quoting <u>Maldonado-Denis v. Castillo Rodríguez</u>, 23 F.3d 576, 581 (1st Cir. 1994). "The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue.... Failure to do so allows the summary judgment engine to operate at full throttle." <u>Id.</u>; see also <u>Kelly v. United States</u>, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); <u>Medina-Muñoz</u>, 896 F.2d at 8, quoting <u>Mack v. Great Atl. & Pac. Tea Co.</u>, 871 F.2d 179, 181 (1st Cir. 1989) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

**Civil No. 10-1188(SEC)** 4

**Applicable Law and Analysis**

A federal court sitting in a diversity case must apply the substantive law of the forum where the action is filed. Semtek Int'l. Inc. v. Lockheed Martin Corp., 531 U.S. 497, 498 (2001). Therefore, Puerto Rico's Civil Code and law of negotiable instruments provide the legal basis for the resolution of the present dispute. Under the Civil Code, "[a] contract exists from the moment one or more persons consent to bind himself or themselves, with regard to another or others, to give something or render some service." P.R. Laws Ann. Tit. 31, § 3371. Upon its formation, if a contract's terms "are clear and leave no doubt as to the intentions of the parties, the literal sense of its stipulations shall be observed." P.R. Laws Ann., tit. 31, § 3471. Encompassed within the contours of these provisions are negotiable instruments, which P.R. Laws Ann., tit. 19, § 504 defines as "an unconditional promise... to pay... if it (1) is payable to bearer... at the time it is issued; (2) is payable on demand or at a definite time, and (3) does not state other undertaking or instruction by the person promising or ordering payment to perform any act in addition to the payment of money...."

If a contract falls within the negotiable instrument category, certain formalities must be followed to validly enforce it. See P.R. Laws Ann. Tit. 19, § 701. First, a payment demand or "presentment" must be made by or on behalf of the person entitled to enforce the instrument. Id. § 701(a). This may be done "by any commercially reasonable means, including an oral, written, or electronic communication [and] is effective when the demand for payment ...is received by the person to whom presentment is made...." Id. § 701(b)(1). Second, if the person to whom presentment is made requests so, the presenter must exhibit the instrument and give reasonable identification. Id. § 701(b)(2).

In this case, a cursory review of the promissory note shows that it contains all the requisite elements of a negotiable instrument. Moreover, Defendants accept that they signed the promissory note and that it is valid and enforceable in accordance with the terms Plaintiffs have

**Civil No. 10-1188(SEC)**                                                                                      **5**

presented to the Court. OSMF, ¶¶ 4 and 6. Their only contention to withhold payment is that "Plaintiffs never request [sic] or present [sic] before Defendants the original note." Docket No. 25, p. 5. This may have been true before the filing of Plaintiffs' summary judgment motion, since the record contains no evidence to prove that Plaintiffs presented the promissory note to Defendants before then. In fact, neither the addendums Plaintiffs included with their letters to Defendants, the exhibits to Plaintiffs' complaint, nor other entries of record contained a copy of the promissory note. Nevertheless, Plaintiffs' summary judgement motion, which Defendants received electronically, included a copy of the promissory note as an exhibit. SUF, Exh. 1. Therefore, Defendants contention is no longer valid. Under the legal provisions delineated above, Plaintiffs need not perform additional acts to enforce the promissory note; they are entitled to payment as a matter of law.

**Conclusion**

For the foregoing reasons, Plaintiffs' summary judgment motion is **GRANTED**. Defendants are **ORDERED** to pay $330,000 upon entry of judgment and in accordance with the terms of the promissory note.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of March, 2011.

s/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge